**M Norman Hammerlord**
1220 Robinson Ave  #104
San Diego, CA     92103
    (619) 542-1334
mhammerlord@cox.net

FILED
11 JUL 14  PM 3:00



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M NORMAN HAMMERLORD, an individual,<br><br>            plaintiff,<br><br>               -versus-<br><br><br>CITY OF SAN DIEGO, a municipality, and DOES 01 through 25 inclusive,<br><br>            Defendant. | CASE NO: 11CV1564 JLS  NLS<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL [Police Harassment, Fraudulent Statements, Civil Rights violations & FOIA] |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual against defendant's for violation of his civil rights, harassment by their police and fraudulent statements.

## II. JURISDICTION AND VENUE

2.   Jurisdiction of this court arises under 28 U.S.C. §1331 and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. §1367. Venue in this

- 1 -

COMPLAINT AND DEMAND FOR JURY TRIAL

district is proper in that the conduct and actions complained of occurred here.

## III. PARTIES

3. Plaintiff **M Norman Hammerlord** is a natural person who abodes in the City of San Diego, is a long time resident **elder** (senior 66), **Officer** in the United States Army Reserve [control group], **Disabled** American Veteran [a fair accommodation is requested], retired Big Eight CPA Alumni, and current **Chaplain** of WE THE PEOPLE... [a fellowship of the homeless].

4. Defendant **City of San Diego** is a municipality which operates and is responsible for their Police Department.

5. The true names and capacities, whether individual, associate or otherwise of defendants sued herein as Does 01 through 25, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each defendant designated as a Doe is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the events and/or acts hereinafter described, and thereby proximately caused injuries and damages to plaintiff. Plaintiff requests that when the true names and capacities of these Doe defendants are ascertained, that they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

/

/

/

COMPLAINT AND DEMAND FOR JURY TRIAL

## IV. FACTUAL ALLEGATIONS

6. (a) On 07 September 2007, plaintiff filed and served a summons/complaint on the City of San Diego [the City] [07CV1761] in the United States District Court for the Southern District of California. One of the principal defendants named in the lawsuit was a member of the San Diego Police Department [SDPD] named Carlos Navaro, badge 5507.

(b) The allegations against Navaro included stopping plaintiff without probable cause and issuing a specious ticket [Y 422 769] in order to administratively punish plaintiff when he complained thereto. [There was no evidence to support the charges and arrest, and the ticket was later dismissed with prejudice.]

(c) It was later discovered that plaintiff's complaint did not find its way to Navaro's personal [Pitchess] file. In fact, Navaro was later promoted to a detective sergeant on the narcotics division where he would abuse his authority again.

7. (a) On 03 January 2011, four narcotic detectives from the SDPD showed up at plaintiff's Sanctuary and entered thereupon without permission or warrant. They stated that they were there to find narcotics based on an anonymous tip.

(b) The record will show that the narcotic detectives found nothing illegal, regulated or prohibited. They left without issuing any tickets nor did they arrest anyone. They refused to reveal the source and name of their claimed "anonymous tip."

/
/
/

COMPLAINT AND DEMAND FOR JURY TRIAL

(c) On 05 January 2011, plaintiff wrote to the narcotic detectives which had invaded the Sanctuary. The letter complained of their conduct and demanded "a copy of all files, field notes, and any other document that pertains to their investigation" under the Freedom of Information Act.

(d) On 10 January 2011, the Deputy City Attorney wrote to plaintiff in response to the 05JAN2011 letter and stated that "the department has no documents responsive to your request."

(e) On 15 January 2011, plaintiff made a formal written criminal complaint against the four errant narcotic detectives to the Chief of Police (SDPD). It included the incident reports [testimony, affidavit and statement] of the four victims of the 03 JAN 2011 raid. [These victims were detained and handcuffed without probable cause, searched and later released without being ticketed or arrested.]

(f) On 18 January 2011, plaintiff made a formal written request for the incidents report(s) pertaining to the 03JAN2011 raid pursuant to California Public Records Act [see California Government Code §6251 et seq.].

(g) On 27 January 2011, the City custodian of records sent plaintiff a one page computer generated in and out log sheet pertaining to the incident and nothing more.

/
/
/
/

- 4 -

COMPLAINT AND DEMAND FOR JURY TRIAL

(h) On 28 January 2011, internal affairs of the SDPD wrote a response to plaintiff's criminal complaint promising an investigation and notification of the findings. The letter finally identified the four narcotics detectives perpetrating their Gestapo raid as 1) Kimberly Collier [badge 5537], 2) Antonio Johnson [badge 3816], 3) Tim Smith [badge 4888], and 4) Julie Epperson [badge 5111]. The internal affairs findings never came to light and are being withheld in order to cover up the facts.

(i) On several occasions during February 2011, internal affairs came to the Sanctuary to conduct their investigation. In the process of their visits, it was inadvertently learned about the names of two of the persons who had made the "anonymous call" to the SDPD to complain about plaintiff. The names of the individual complainers are known to plaintiff as Carl Moccafiche, manager of the apartment complex and Victoria Doe who lives in the same apartment complex in unit 101.

(j) On 17 March 2011, plaintiff filed suit in the Superior Court of California, in and for the County of San Diego. The defendant's in that suit are one Carl Moccafiche and one Victoria Doe. They are being sued for 1) conspiracy to obstruct and obstruction to the free use of property, 2) the Elder Abuse Act, 3) defamation of character, and 4) constructive invasion of privacy.

(k) On 25 April 2011, plaintiff made application to the City to bring suit against the San Diego Police Department pursuant to California Government Codes §945.4 and §950.2 which requires same. It noted the 05 JAN 2011 unwarranted police raid and provided supporting details as outlined therein.

/

COMPLAINT AND DEMAND FOR JURY TRIAL

(l) On 17 May 2011, the City sent plaintiff a denial [city file # 4481] of his claim pertaining to the 03 JAN 2011 police raid and a 6 (six) month warning to proceed to court action.

(m) (1) On 09 June 2011, the San Diego Housing Commission [SDHC] [a City function] sent a **partial** copy of plaintiff's file to him [Freedom of Information Act]. Plaintiff receives section 8 housing subsidies due to being a disabled veteran and therefore, the City maintains a file thereto. The package contained several police reports from the SDPD pertaining to the 03 JAN 11 raid mentioned in paragraph 7 (a).

(m) (2) The 09 JAN 2011 report #01 [officer's report narrative by Kimberly Collier] claims that the officers properly introduced themselves and showed identification. It goes on to state that plaintiff opened the door and allowed them inside. Also, the report attempts to discredit the various witnesses by claiming they are criminals [non-specific]. It also claims that the detectives knew not who made the "anonymous tip". In addition, the complaint admits that the detectives would be contacting HUD due to "lack of compliance" [non-specific] by plaintiff. The report informs us that the manager, Carl Moccafiche, a litigant in another matter filed by plaintiff, was contacted by these police and told that plaintiff "was not willing to cooperate". It further claims that plaintiff was dealing narcotics out of his residence. None of this is true.

/
/
/
/

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

(m) (3) The 18 JAN 2011 report #02 [officer's report narrative by Tim Smith] stated that a person was stopped outside the apartment [in the street] [ smoking at a electrical box which belongs to SDG&E] and was handcuffed because he was "smoking marijuana and had a license." The report falsely claims that permission was given to enter the sanctuary, search and that badges/id's were prominently displayed. They were not.

(m) (4) The report went on to characterize a 04 July 2009 complaint letter sent to Carl Moccafiche complaining of Libel and Slander [defamation of character] by him as a "threatening letter". The purpose of such an announcement was to flavor the SDPD report in order to establish prejudice and bias in their favor. The letter sent to Moccafiche was nothing more than a formal statement of his breach of contract through slander and libel [defamation of character] and a demand to correct the situation made in accordance with standard breach of contract situations and terms.

(m) (5) The 10 JAN 2011 report #03 [officer's report narrative by Antonio Johnson] states that he [Johnson} "held the locked gate to the apartment ajar so that we could enter the property". Again, he had no warrant and trespassed in order to gain access. It again falsely claims that "detective Collier identified us as San Diego Police and we all had our police identification cards or badges displayed...". It again falsely claims that "Hammerlord told us we could enter and so we stepped inside." And finally, It admits that "Hammerlord told me no not without a search warrant" but that they searched anyway. It states that "Hammerlord said he would not agree, threatened a lawsuit for harassment and demanded to know who the person complaining against him was." He states again "a threatening letter from Hammerlord" in order to poison the well of justice.

COMPLAINT AND DEMAND FOR JURY TRIAL

(m) (6) The 11 JAN 2011 report #04 [investigator's follow-up report by Julie Epperson] contains the same specious and sophistic rhetoric. ("…customers were buying marijuana…"), ("…giving them the chance to possibly arm themselves or to escape…"), ("**I walked inside the residence…**"), (…regardless of the fact that his quests were smoking marijuana outside and violating the law…), and (…we then went and spoke with the manager on the premises…). Again, in spite of all the alleged lawless drug deals, usage and so on as claimed by the SDPD, they found no reason to arrest or ticket anyone.

8. (a) Wherefore, it can be shown that the SDPD entered the Sanctuary without a warrant, permission or probable cause. They refused to leave when told to do so and forwarded malicious, false and misleading [fraudulent] reports to the SDHC for the sole and only purpose of causing harm to plaintiff. These same false, misleading and fraudulent reports were provided to the apartment management, again as a punitive and malicious act. The SDPD had no authority to do so and the reports were maliciously and punitively motivated. The reports were administrative punishment against plaintiff for sticking up for his rights. There is no proof that any of the individuals involved in the incident were "criminals" [non-specific] as claimed in their reports. The record will show that information, files and reports were kept secret and withheld from plaintiff in spite of his request pursuant to the Freedom of Information Act and the California Public Records Act.

/

/

- 8 -

COMPLAINT AND DEMAND FOR JURY TRIAL

(b)     Plaintiff believes and thereon alleges that one purpose, motive and intent of the SDPD harassing plaintiff in the manner so far mentioned, was to punish him for bringing suit against one of their own, Carlos Navaro of the SDPD in 2007.

## V.  FIRST CLAIM FOR RELIEF

**(As against all defendants for fraudulent statements in violation of 18 U.S.C. §1001)**

9.     Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs as though fully set forth in detail.

10.    Defendants, and each of them, violated 18 U.S.C §1001 which states in relevant part that "(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in §2331), imprisoned not more than 8 years, or both".

/
/
/
/

11. Domestic terrorism, as defined in §2331, means activities that-- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended-- (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

12. Wherefore, the City, Carlos Navaro, Kimberly Collier, Tim Smith, Antonio Johnson, Julie Epperson, now denominated as defendants, and each of them, including those defendants sued under the fictitious name of Doe, are domestic terrorist as herein defined.

## VI.  SECOND CLAIM FOR RELIEF

**(As against all defendants for violation of the California Penal Code §118.1)**

13. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs as though fully set forth in detail.

/

/

/

/

/

/

/

- 10 -

COMPLAINT AND DEMAND FOR JURY TRIAL

14. Defendants, and each of them, violated California Penal Code §118.1 which states that "Every peace officer who files any report with the agency which employs him or her regarding the commission of any crime or any investigation of any crime, if he or she knowingly and intentionally makes any statement regarding any material matter in the report which the officer knows to be false, whether or not the statement is certified or otherwise expressly reported as true, is guilty of filing a false report punishable by imprisonment in the county jail for up to one year, or in the state prison for one, two, or three years.

15. Wherefore, the City, Carlos Navaro, Kimberly Collier, Tim Smith, Antonio Johnson, Julie Epperson, now denominated as defendants, and each of them, including those defendants sued under the fictitious name of Doe, are criminals deserving prosecution and punishment thereto.

16. As a proximate result of defendants' violations enumerated herein, plaintiff has been damaged in amounts which are subject to proof.

17. Defendants' violations of the penal code as outlined herein were willful and knowing. Therefore, defendants are liable to plaintiff for actual damages, statutory damages, attorney's fees and cost of suit thereto.

/

/

/

/

/

COMPLAINT AND DEMAND FOR JURY TRIAL

## VII. THIRD CLAIM FOR RELIEF

**(As Against all defendants for invasion of Privacy: Intrusion into Private Affairs)**

18. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs as though fully set forth in detail.

19. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

20. Defendants, and each of them, did collectively, in cooperation with each other and/or in conspiracy thereto, did willfully and intentionally intrude into plaintiff's solitude.

21. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend plaintiff.

22. As a result of such invasion of privacy, plaintiff was harmed and caused great mental and physical pain.

23. Defendant's acted with oppression and malice, and defendants are therefore liable to plaintiff for damages in an amount to be proven at trial, and for punitive damages.

/

/

/

/

/

/

COMPLAINT AND DEMAND FOR JURY TRIAL

## VIII. FOURTH CLAIM FOR RELIEF

**(As against all defendants for violation of the Civil Rights Act)**

24. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs as though fully set forth in detail.

25. The Civil Rights Act [42 U.S.C. §1981 et seq.] confers equal rights under the law to all persons within the jurisdiction of the United States and its territories.

26. In doing those things which defendants, either individually, or collectively or in conspiracy in accordance thereto, are alleged and believed to have done, plaintiff was deprived of his rights thereto.

27. Defendants' acts as described herein above were done intentionally with the purpose of harassing plaintiff as payback by the SDPD for suing them.

28. As a proximate result of defendants violations enumerated herein above, plaintiff has been damaged in amounts which are subject to proof.

29. Defendant's violations of the Civil Rights Act were willful and knowing. Defendants are therefore liable to plaintiff for actual damages, punitive damages, exemplary damages, attorney's fees and cost of suit thereon.

/

/

/

/

/

/

COMPLAINT AND DEMAND FOR JURY TRIAL

## IX. FIFTH CLAIM FOR RELIEF

**(As against all defendants for violation of the Freedom of Information Act and The California Public Records Act)**

30. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs as though fully set forth in detail.

31. Defendants, whether individually, collectively, or in conspiracy thereto, did violate plaintiff's rights, privileges, and accords afforded under the FOIA 05 U.S.C. §552 and the California Public Records Act, by failing to honor plaintiff's various written and oral requests for information thereto.

32. Defendants acted with oppression, fraud, intent to deny these rights, and with a willful and knowing arrogant attitude thereto, caring not of the potentially harmful effects or consequences.

33. As a result of the above violations of the FOIA and CPRA, defendants are liable to plaintiff for actual damages, punitive damages, exemplary damages, attorney's fees and costs of suit.

### SUMMARY

The San Diego Police Department, under color of authority of the law, has revived the Nazi Gestapo days and tactics of World War II with their Grand Inquisition, secret indictments, police courts, and their equally prejudiced actions made in bad faith and unfair dealings.

/

/

COMPLAINT AND DEMAND FOR JURY TRIAL

Wherefore, plaintiff respectfully requests that judgment be entered against defendants and the following relief be provided:

(a) actual damages;

(b) punitive damages;

(c) exemplary damages:

(d) cost of suit and reasonable attorney fees; and

(e) for such other and further relief as the Court may deem just and proper.

Dated: 14 JUL 11

_____
M Norman Hammerlord

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

Dated: 14 JUL 11

_____
M Norman Hammerlord

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
M NORMAN HAMMERLORD

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  (619) 542-1334  PRO SE
1220 ROBINSON AVE #104
SAN DIEGO, CA  92103

## DEFENDANTS
CITY OF SAN DIEGO

County of Residence of First Listed Defendant  SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

11-CV-1564 JLS NLS

Attorneys (If Known)  CITY ATTORNEY
1200 THIRD AVE #1100
SAN DIEGO, CA 92103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §1983, 18 USC §1001

Brief description of cause: FRAUDULENT STATEMENTS BY POLICE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE _____  DOCKET NUMBER _____

DATE  18 JUL 11

SIGNATURE OF ATTORNEY OF RECORD  M. Hammer

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____