UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. NORMAN HAMMERLORD,<br><br>                              Plaintiff,<br>   vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                              Defendants. | CASE NO. 11-CV-1564 JLS (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>(ECF Nos. 21, 23, 24, 25) |

Presently before the Court are Defendants City of San Diego and San Diego Police Department's ("City Defendants") motion to dismiss (ECF No. 21), Defendant San Diego Housing Commission's motion to dismiss (ECF No. 23), Defendant Hendershaw and Associates' ("Hendershaw") motion to dismiss, or, in the alternative, to strike Plaintiff's SLAPP suit (ECF No. 24), and Defendant Carl Moccafiche's ("Moccafiche") motion to dismiss, or, in the alternative, to strike Plaintiff's SLAPP suit (ECF No. 25). Also before the Court are the parties' oppositions and replies. The hearing set for all motions on Thursday, November 1, 2012 was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motions.

///

///

///

1  ///

2

3                              **BACKGROUND**

4       Plaintiff M. Norman Hammerlord ("Plaintiff"), proceeding *pro se*, brings this action against
5  Defendants alleging violations of 18 U.S.C. § 1001, California Penal Code §118.1, 42 U.S.C. § 1983,
6  the Freedom of Information Act ("FOIA"), the California Public Records Act ("CPRA"), and common
7  law invasion of privacy. (FAC, ECF No. 10.) Plaintiff's claims arise from the following incident
8  involving Defendant San Diego Police Department ("SDPD"). Plaintiff alleges that, on January 3,
9  2011, four officers from the SDPD acting on an anonymous tip entered his apartment, also described
10 as the "Sanctuary," without a warrant or Plaintiff's consent. (FAC, ECF No. 10 ¶ 8.) The agents
11 allegedly left without arresting or citing Plaintiff, and refused to reveal the source of their anonymous
12 tip. (*Id.*)

13      On January 5, 2011, Plaintiff sent a letter to the SDPD requesting "a copy of all files, field
14 notes, and any other document" pertaining to their investigation under the FOIA, specifically
15 requesting the names of the individuals that had made the anonymous tip. (ECF No. 21-4 Exh. B at
16 4.) On January 10, 2011, Plaintiff received a response from the Deputy City Attorney indicating that
17 the records he sought were "contained within an investigative file" and "exempt from disclosure," and
18 that the SDPD therefore had no documents responsive to his request. (ECF No. 21-4 Exh. B at 5.)

19      During February 2011, Plaintiff alleges that he discovered that Defendant Moccafiche, the
20 resident property manager for Plaintiff's apartment complex, was a source of the anonymous tip to
21 the SDPD. (FAC, ECF No. 10 at 12-14.) Plaintiff alleges that Moccafiche described Plaintiff as a
22 member of the mafia, a drug dealer, and in possession of drugs. (FAC, ECF No. 10 at ¶ 19.) Plaintiff
23 had previously written a letter to Moccafiche on June 4, 2009, accusing Moccafiche of spreading
24 rumors that Plaintiff was dealing drugs out of his apartment and demanding the names of any other
25 individuals involved. (FAC, ECF No. 10 at ¶ 16.)

26      During this time, Plaintiff was sent various notices on February 23, 2011, July 11, 2011, and
27 May 31, 2011 by Defendants Moccafiche and Hendershaw regarding the termination of Plaintiff's
28 tenancy. (FAC, ECF No. 10 ¶¶ 17, 20-21.) Plaintiff alleges that Hendershaw, the property

management company for Plaintiff's apartment complex, eventually brought a fraudulent unlawful detainer action against Plaintiff and evicted Plaintiff after obtaining a favorable judgment on November 7, 2011. (FAC, ECF No. 10 ¶¶ 22-31.)

Also during this time, Plaintiff alleges that the SDHC received two letters stating that Plaintiff was a mafia member, a drug dealer, and had pounds of drugs in his apartment. (FAC, ECF No. 10 ¶ 32.) Plaintiff alleges that SDHC refused to provide him information regarding those letters when requested. (*Id.*) Plaintiff further alleges that the SDHC terminated his participation in the Section 8 Rental Assistance Program on September 15, 2011, based on false reports provided by the SDPD. (FAC, ECF No. 10 ¶¶ 35-37.) Plaintiff alleges that the termination hearing was "a sham and a farce" and that the SDHC withheld several documents. (FAC, ECF No. 10 ¶ 38.)

Plaintiff alleges that, sometime later, he received a file from SDHC. (FAC, ECF No. 10 at 7.) With this file, Plaintiff allegedly received four fraudulent police reports related to the January 3, 2011 incident. (FAC, ECF No. 10 ¶ 9.) Plaintiff alleges that the reports falsely state that: (1) Plaintiff gave consent to entry; (2) that various witnesses for the Plaintiff are criminals; (3) that Plaintiff was dealing narcotics; (4) that the officers had identified themselves as police officers; and (5) that various people inside and around the apartment had been engaging in drug use. (FAC, ECF No. 10 at 7-9.)

Plaintiff alleges that Defendants' actions as a whole were part of a "plan of malicious conduct to annoy, harass, and obstruct Plaintiff's property rights." (FAC, ECF No. 10 at ¶ 19.) Based on these allegations, Plaintiff pursues the following federal claims against all Defendants: (1) fraudulent statements in violation of 18 U.S.C. § 1001 and (2) violation of the Civil Rights Act, 42 U.S.C. § 1983.[1] Plaintiff further alleges a federal claim against City Defendants and SDHC for violation of the FOIA, 5 U.S.C. § 552. Plaintiff also alleges state claims: (1) against all Defendants for invasion of privacy; (2) against City Defendants and SDHC for violation of the CPRA; and (3) against Defendant SDPD for violation of California Penal Code § 118.1.

///

---

[1] Although Plaintiff cites to 42 U.S.C. § 1981, (FAC ¶ 54), the Court interprets Plaintiff's allegations as a claim under § 1983. Section 1981 provides for protection for racial minorities and is inapplicable to Plaintiff's claims. Indeed, Plaintiff fails to allege a single fact showing that he belongs to a racial minority or that any Defendant intended to discriminate against him on the basis of race.

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear

on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted).

Relevant here, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, a court may not "supply essential elements of the claim that was not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (citation and internal quotation marks omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Defendants move to dismiss the federal claims against them with prejudice on the grounds that the underlying statute does not provide a private cause of action, the underlying statute is inapplicable, and Plaintiff fails to state a claim. Defendants further move to dismiss the state claims against them with prejudice on the grounds the claims are barred by filing requirements, governmental immunity, and privilege.

**1. 18 U.S.C. § 1001 Claims**

Defendants move to dismiss Plaintiff's claims under 18 U.S.C. § 1001 because the statute does not provide for a private cause of action. "[C]laims of fraud or false statements under 18 U.S.C. § 1001 . . . are barred because these criminal statutes do not expressly create a private right of action upon which plaintiff may sue defendants." *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 71 (D.D.C.

2009); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987). Indeed, Plaintiff fails to cite to any authority in support of his claims. Because leave to amend would be futile, *Desoto*, 957 F.2d at 658, the Court **DISMISSES** Plaintiff's claims for an alleged violation of 18 U.S.C. § 1001 with prejudice and without leave to amend.

**2. 42 U.S.C. § 1983 Claims**

Plaintiff brings claims against all Defendants for "actions, . . . done intentionally with the purpose of harassing Plaintiff and depriving him of his rights." (FAC ¶ 56.) Although Plaintiff does not specifically state which rights he was deprived of, Plaintiff seems to allege: (1) City Defendants maliciously prosecuted or harassed him without due process, (FAC ¶ 9); (2) Moccafiche made false or misleading statements to obstruct his property rights, (FAC ¶¶ 16-17, 19); (3) Hendershaw made false or misleading statements in terminating Plaintiff's tenancy and obtaining a favorable judgment against Plaintiff to deprive him of his property rights, (FAC ¶¶ 20-22, 30-31); and (4) SDHC terminated Plaintiff's participation in the Section 8 housing assistance program without due process (FAC ¶¶ 32, 35, 38).

*A. Against Defendants City of San Diego and San Diego Police Department*

City Defendants argue that the claim against Defendant San Diego Police Department ("SDPD") must fail because SDPD is not a proper defendant for a § 1983 claim. (ECF No. 21-1 at 9.) To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by *a person* acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, dismissal of SDPD is appropriate because SDPD is not considered a "person" subject to liability under § 1983. The term "person" does not encompass municipal departments, such as police departments. *See, e.g.*, *Paschelke v. Doe*, No. 09-2191, 2010 WL 2640501, at *1 (S.D. Cal. June 30, 2010); *Chadwick v. San Diego Police Dep't*, No. 09-CV-946, 2010 WL 883839, at *6 (S.D. Cal. Mar. 8, 2010); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

Further, City Defendants argue that Plaintiff fails to plead a proper cause of action against

Defendant City of San Diego because Plaintiff makes no allegations of conduct by the City of San Diego itself and *respondeat superior* liability does not apply. Although Defendant City of San Diego itself may be considered a "person" and therefore, a proper defendant under section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), as a municipality it may be held liable under section 1983 only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City. *Monell*, 436 U.S. at 690; *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark Cnty., Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694). With respect to custom, "[l]iability will be imposed upon a municipality where the plaintiff establishes a series of similar acts sufficient to establish a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity.'" *Martin v. County of San Diego*, 650 F. Supp. 2d 1094, 1103 (quoting *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002).

Here, Plaintiff fails to allege any facts relating to a policy, ordinance, regulation, or decision by the City of San Diego. *Monell*, 436 U.S. at 690. Further, although Plaintiff argues that "[i]t is the City's custom to protect themselves from any liability at any cost," (ECF No. 31 at 7), Plaintiff fails to allege any facts establishing a "longstanding practice or custom" by the City of San Diego. *Martin*, 650 F. Supp. 2d. at 1103. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claims against City Defendants.

### B. Against Defendants Moccafiche and Hendershaw[2]

Plaintiff's § 1983 claims against Defendants Moccafiche and Hendershaw must fail because Plaintiff fails to allege any facts indicating that Moccafiche or Hendershaw were acting "under color

---

[2] The Court notes that neither Plaintiff, Moccafiche, nor Hendershaw address 42 U.S.C. § 1983 in their arguments. Having granted Moccafiche and Hendershaw's motions to dismiss, the Court declines to consider their motions, in the alternative, to strike a SLAPP suit.

of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. To state a claim under section 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries*, 554 F.3d at 1184. Plaintiff has failed to do so. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claims against Moccafiche and Hendershaw.

### C. Against Defendant SDHC

SDHC argues that Plaintiff fails to sufficiently allege facts alleging a § 1983 claim. (ECF No. 23-1 at 7.) As discussed above, there is no *respondeat superior* liability under section 1983, and liability arises under section 1983 only upon a showing that an official policy or custom caused the alleged injury. *Monell*, 436 U.S. at 694. Here, Plaintiff only alleges the conduct of a single employee, Ms. Cyndi Lofftus (FAC ¶¶ 32, 35, 37-38), and alleges no facts concerning SDHC policy or custom. Plaintiff's otherwise conclusory statements are insufficient to support his claims against SDHC. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claim against SDHC.

### 3. Freedom of Information Act Claim

Plaintiff's claims under the FOIA against City Defendants and SDHC must fail because the statute only applies to federal agencies. *See* 5 U.S.C. §§ 552a(a)(1), 552(f). Neither the City of San Diego nor the SDPD is a federal agency. Further, the definition of "agency" under the FOIA does not encompass state agencies or bodies. *See St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373-74 (9th Cir. 1981). The SDHC is a state agency and not subject to the FOIA. To the extent that Plaintiff argues the SDHC is a federal agency because it receives federal funds, (ECF No. 31 at 8), this argument is without merit. Because leave to amend would be futile, *Desoto*, 957 F.2d at 658, the Court **DISMISSES** Plaintiff's claims for an alleged violation of the FOIA with prejudice and without leave to amend.

### 4. Other State Claims

Plaintiff has filed various state law claims against Defendants alleging invasion of privacy, violation of the California Public Records Act, and violation of California Penal Code § 118.1. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over

Plaintiff's remaining state law claims, and thus those claims are also **DISMISSED** without prejudice.

///

## CONCLUSION

For the reasons explained above, Plaintiff's federal claims under 18 U.S.C. § 1001 and the FOIA are **DISMISSED WITH PREJUDICE** and without leave to amend. Plaintiff's remaining federal claims under 42 U.S.C. § 1983 are **DISMISSED** without prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and thus those claims are also **DISMISSED** without prejudice.

To avoid any injustice, the Court will afford Plaintiff an opportunity to amend his complaint to state a cognizable federal claim. If he wishes to do so, he **SHALL FILE** a complaint addressing the deficiencies noted by the Court <u>within 15 days of the date that this Order is electronically docketed</u>.

**IT IS SO ORDERED**.

DATED: November 2, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge