1
2
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11  M. NORMAN HAMMERLORD,                  CASE NO. 11-cv-01564 JLS (NLS)

12                              Plaintiff,   **ORDER GRANTING
                                             DEFENDANTS' MOTION TO
13          vs.                              DISMISS PLAINTIFF'S SECOND
                                             AMENDED COMPLAINT**
14  BOB FILNER, Mayor of the City of
    San Diego, a municipal corporation,     (ECF Nos. 49, 50)
15  WILLIAM LANSDOWNE, Chief of
    the San Diego Police Department,
16  RICHARD C. GENTRY, CEO of the
    San Diego Housing Commission
17  [SDHC], HENDERSHAW AND
    ASSOCIATES, an individual, CARL
18  MOCCAFICHE, an individual,
    VICTORIA MCCULLOUGH, an
19  individual, and DOES 01 through 25
    inclusive,
20
                             Defendants.
21

22          Presently before the Court are Defendant Richard C. Gentry's ("Gentry") motion

23  to dismiss Plaintiff M. Norman Hammerlord's ("Plaintiff") second amended complaint

24  ("SAC"), (ECF No. 49),  and Defendants Hendershaw and Associates ("Hendershaw")

25  and Carl Moccafiche's ("Moccafiche") motion to dismiss Plaintiff's SAC, (ECF No.

26  50).  Also before the Court are the parties' oppositions and replies.  (ECF Nos. 51-54.)

27  The hearing set for both motions on February 21, 2013 was vacated, and the matter

28  taken under submission on the papers without oral argument.  (ECF No. 55.)

Plaintiff brings this action against Defendants Gentry, Hendershaw, and Moccafiche (collectively, "Defendants") alleging claims for constitutional violations, invasion of privacy, violations of the Civil Rights Act, and violations of the California Public Records Act. (ECF No. 46 at 23-29.) Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motions to dismiss.

## BACKGROUND

This Order incorporates by reference the background as set forth in the Court's November 2, 2012 Order granting Defendants' motions to dismiss Plaintiff's first amended complaint, and briefly summarizes the most relevant facts here. (ECF No. 42 at 2-3.) Plaintiff was involved in an incident with the San Diego Police Department ("SDPD") on January 3, 2011, when four officers entered Plaintiff's apartment on an anonymous tip. (*Id*. at 5.) Plaintiff alleges that Moccafiche, the resident property manager for Plaintiff's apartment complex, was the source of the anonymous tip, and that Moccafiche spread rumors that Plaintiff was a drug dealer and a member of the mafia. (*Id*. at 15.)

On February 23, 2011, July 11, 2011, and May 31, 2011, Plaintiff allegedly received various notices regarding the termination of his tenancy from Moccafiche and Hendershaw. (*Id*. at 14-18.) Plaintiff alleges that Hendershaw brought a fraudulent unlawful detainer action against Plaintiff, and evicted Plaintiff after obtaining a favorable judgment on November 7, 2011. (*Id*. at 17-18.)

Sometime prior to April 21, 2011, Plaintiff alleges that the San Diego Housing Commission ("SDHC") received two letters stating that Plaintiff was a mafia member, a drug dealer, and had pounds of drugs in his apartment. (*Id*. at 19.) Plaintiff alleges that the SDHC refused to provide him with information regarding those letters when requested. (*Id*.) Plaintiff also alleges that SDHC employee Cyndi Lofftus ("Lofftus") told Plaintiff the SDHC would punish Plaintiff to "get even" with Plaintiff for filing a lawsuit against the City in 2007. (*Id*. at 19.) Plaintiff further alleges that the SDHC subsequently terminated his participation in the

Section 8 Rental Assistance Program based on false reports provided by the SDPD. (*Id.* at 21-22.)  According to Plaintiff, the termination hearing was "a sham and a farce," and Plaintiff was not provided with complete access to his file when requested.  (*Id.*)

On December 19, 2012, Plaintiff filed the operative SAC.  (ECF No. 46.) Plaintiff seeks an order from the Court awarding compensatory or actual damages, punitive damages, exemplary damages, cost of suit, reasonable attorney's fees, and any further relief the Court may deem just and proper.  (ECF No. 46 at 30.)

## LEGAL STANDARD

### I.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is

facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "[f]or a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotation marks omitted).

Relevant here, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, a court may not "supply essential elements of the claim that was not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond a doubt that the plaintiff can prove no set of the facts in support of his claim which would entitle him to relief." *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (citation and internal quotation marks omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Plaintiff alleges that Defendants "campaigned, plotted, and executed a plan of malicious conduct to annoy, harass, and obstruct Plaintiff's property rights." (ECF No. 46 at 15.) Based on these allegations, Plaintiff has filed the following federal claims against all Defendants: (1) violation of the Fourth Amendment of the United States Constitution; (2) violation of 42 U.S.C. § 1983; (3) violation of the Fifth Amendment of the United States Constitution; (4) violation of the Ninth Amendment of the United States Constitution; and (5) violation of the Eighth Amendment of the United States Constitution. (*Id.* at 23-29.) Plaintiff also alleges state claims: (1) against all Defendants for invasion of privacy and (2) against Gentry for violation of the California Public Records Act. (*Id.* at 25, 27-28.) The Court addresses each claim in turn.

## I.     42 U.S.C. § 1983 Claims

Plaintiff brings claims against all Defendants for "actions, . . . done intentionally with the purpose of harassing Plaintiff and depriving him of his rights." (ECF No. 46 ¶ 56.) Plaintiff alleges that Moccafiche and Hendershaw "made false and/or misleading statements" in violation of "his property rights," and that Gentry "terminated Plaintiff's participation in the Section 8 housing assistance program without due process." (ECF No. 46 ¶ 58.)

Plaintiff further alleges Defendants violated the Fourth, Fifth, Eighth, and Ninth Amendments. However, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2011) ("[A] litigant complaining of a violation of a constitutional right

does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."). Accordingly, the Court liberally construes these claims under 42 U.S.C. § 1983.

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A public entity may not be held liable under § 1983 unless the plaintiff can plead that the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark Cnty., Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a Monell claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694). With respect to custom, "[l]iability will be imposed upon a municipality where the plaintiff establishes a series of similar acts sufficient to establish a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity.'" *Martin v. Cnty. of San Diego*, 650 F. Supp. 2d 1094, 1103 (quoting *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002).

### A. Against Defendants Hendershaw and Moccafiche

Here, Plaintiff has alleged no facts indicating that either Hendershaw or Moccafiche acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Further, the Court rejects Plaintiff's conclusory and wholly unsupported argument that Hendershaw and Moccafiche became government actors by allegedly making

false and misleading claims to the SDHC and SDPD. (ECF No. 52 at 4.) Accordingly, the Court must dismiss Plaintiff's § 1983 claims against Hendershaw and Moccafiche.

**B.**     ***Against Defendant Gentry***

Plaintiff fails to sufficiently allege facts supporting a § 1983 claim against Gentry. (ECF No. 49-1 at 5, 8-9.) Assuming that Plaintiff is filing suit against Gentry in his official capacity, Plaintiff's claims must be dismissed because he fails to make any allegations as to SDHC's official policies or customs. Assuming that Plaintiff is filing suit against Gentry in his personal capacity, Plaintiff fails to make any allegations whatsoever as to Gentry's alleged misconduct. Indeed, Plaintiff's allegations only discuss the conduct of a single employee, Ms. Cyndi Lofftus. (ECF No. 46 at 19-22. Accordingly, the Court must dismiss Plaintiff's § 1983 claims against Gentry.

**C.**     ***Further Deficiencies in Plaintiff's Purported Constitutional Claims***

Plaintiff purportedly seeks to bring constitutional claims against Defendants based on the Fifth, Eighth, and Ninth Amendments. Plaintiff's Fifth Amendment claims must fail because the Fifth Amendment does not apply to private citizens. *Canadian Transp. Co. v. U.S.*, 663 F.2d 1081, 1093 (D.C. Cir. 1980) ("[P]rivate citizens, acting in their private capacities, cannot be guilty of violating due process rights. The Fifth Amendment is a restraint on the federal government, not on private citizens."). Plaintiff's Eighth Amendment claims must similarly fail, as "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-672 n. 40 (1977)). As there is no allegation that Plaintiff has been found guilty of anything, Plaintiff's claim that he has been deprived of his Eighth Amendment rights must fail. Finally, Plaintiff's Ninth Amendment claims must also fail because the Ninth Amendment does not confer a substantive right.

*San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) ("The ninth amendment is not a source of rights as such; it is simply a rule about how to read the Constitution.").

Accordingly, for the reasons stated above, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's constitutional and § 1983 claims. Further, as leave to amend would be futile, the Court **DISMISSES** Plaintiff's Fifth, Eighth, and Ninth Amendment claims **WITH PREJUDICE**.

## II. Invasion of Privacy Claims

Plaintiff brings claims against all Defendants for "willfully and intentionally intrud[ing] into Plaintiff's solitude." (ECF No. 46 at 25.) "To state a claim for violation of the [state] constitutional right of privacy, a party must establish (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest." *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1129 (2009) (*citing Int'l Fed. of Prof'l & Technical Eng'rs, Local 21, AFL-CIO v. Superior Court*, 42 Cal.4th 319, 338 (2007). "Four distinct kinds of activities have been found to violate this privacy protection and give rise to tort liability. . . . (1) intrusion into private matters; (2) public disclosure of private facts; (3) publicity placing a person in a false light; and (4) misappropriation of a person's name or likeness." *Id.*

Here, Plaintiff has failed to allege any facts indicating a privacy interest invaded upon by Defendants. Plaintiff appears to contend that Defendants Hendershaw and Moccafiche invaded his privacy rights by serving Notices of Termination of Tenancy and filing an ultimately successful unlawful detainer action. (ECF No. 52 at 5.) However, Plaintiff fails to provide any factual or legal support for this conclusory contention. Accordingly, the Court **DISMISSES** Plaintiff's invasion of privacy claims against Defendant's Hendershaw and Moccafiche.

As to Defendant Gentry, Plaintiff's SAC is devoid of any facts indicating a privacy right violated by Gentry. Assuming that Plaintiff is filing suit against

Gentry in his official capacity, and thus filing suit against the SDHC, Plaintiff's claim would still be precluded as Plaintiff has failed to satisfy the claim presentation requirement of California Government Code § 900 et seq.

No civil suit may be brought against a public entity "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Cal. Gov. Code §945.4; *see also State of California v. Superior Court*, 32 Cal.4th 1234, 1243 (2004). "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State of California v. Superior Court*, 32 Cal. 4th at 1239.

Here, Plaintiff has never presented a written claim to the SDHC, and only alleges that he presented a claim to the City of San Diego. (ECF No. 51 at 4.) As noted by Gentry, the SDHC is a separate and distinct public entity from the City of San Diego. (ECF No. 49-1 at 7.) Accordingly, because Plaintiff has failed to present a claim to the SDHC, the Court **DISMISSES** Plaintiff's state law claims against SDHC.

## III.   California Public Records Act Claims

Plaintiff asserts a claim for violation of the California Public Records Act ("CPRA") against Defendant Gentry.[1]  Pursuant to the CPRA, "[a]ny person may institute proceedings for injunctive or declarative relief or writ of mandate to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter." Cal. Gov. Code § 6258.  The act states that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided." Cal. Gov. Code § 6253(a).  "[U]pon a request for a copy of records that

---

[1]Although Plaintiff has not named SDHC as a Defendant, Plaintiff has asserted a California Public Records Act claim against SDHC.  (ECF No. 46 at 27.)  It appears that Plaintiff has merely restated the allegations from his FAC in his SAC without any changes.

reasonably describes an identifiable record or records, [the agency] shall make the records promptly available to any person upon payment of fees covering direct costs of duplication, or a statutory fee if applicable." Cal. Gov. Code § 6253(b).  A person requesting public records must "present a reasonably focused and specific request, so that the public agency will have an opportunity to promptly identify and locate such record and to determine whether any exemption to disclosure applies."  *Galbiso v. Orosi Pub. Util. Dist.*, 167 Cal. App. 4th 1063, 1088 (2008).

Here, Plaintiff seeks money damages for an alleged violation of the CPRA. (ECF No. 46 at 28.)  However, the CPRA allows only for injunctive or declarative relief, not money damages.  "The CPRA's judicial remedy is limited to a requestor's action to determine whether a particular record or class of records must be disclosed."  *Cnty. of Santa Clara v. Superior Court*, 171 Cal. App. 4th 119, 130 (Cal. App. 2009); *see also City of Richmond v. Superior Court*, 32 Cal. App. 4th 1430 (Cal. App. 1995) ("Rights under the [CPRA] may be enforced by actions for 'injunctive or declarative relief or writ of mandate.'" (quoting Gov. Code. 6258)).  Accordingly, the Court **DISMISSES** Plaintiff's CPRA claim, as the CPRA does not provide for monetary damages.

///
///
///
///
///
///
///
///
///
///
///

11cv1564

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's claims for violations of the Fifth, Eighth and Ninth Amendments of the United States Constitution **WITH PREJUDICE**. The Court **GRANTS** Defendants' motions to dismiss **WITHOUT PREJUDICE** as to all other claims. To avoid any injustice, the Court will afford Plaintiff a final opportunity to amend his complaint to state a cognizable claim. If he wishes to do so, Plaintiff **SHALL FILE** a complaint addressing the deficiencies noted by the Court <u>within 15 days of the date that this Order is electronically docketed</u>. The Court further cautions Plaintiff that further failure to cure the deficiencies identified may result in dismissal with prejudice.

**IT IS SO ORDERED**.

DATED: August 9, 2013

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

11cv1564